UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

BUILDING SERVICE 32BJ HEALTH FUND et al.,

Plaintiffs,

21-CV-05557 (VF)

-against-

**ORDER**

RED COATS, INC.,

Defendant.

---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 25, 2021, the Building Service 32BJ Health Fund; the Building Service 32BJ Legal Services Fund; and the Building Service 32BJ Supplemental Retirement and Savings Plan (collectively, the "Funds"), and Kyle Bragg, as Trustee thereof (and collectively with the Funds, "Plaintiffs"), commenced this action against Red Coats, Inc. ("Defendant"), under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("Taft-Hartley Act"), 29 U.S.C. § 185. ECF No. 1. Pending before the Court is Plaintiffs' motion for summary judgment under Federal Rule of Civil Procedure 56. ECF No. 105. For the following reasons, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

The Funds are "jointly administered, multi-employer, labor management trust funds" and are "employee benefit plans" within the meaning of ERISA and the Taft-Hartley Act. ECF No. 110-1 at ¶ 3. The Funds "receive contributions from employers who are parties to collective bargaining agreements [('CBAs')]" between employers and the Service Employees International

Union, Local 32BJ (the "Union"). Id. at ¶ 4. The Funds "invest and maintain those moneys" and "distribute benefits to those employees eligible to receive them." Id.

For the calendar year 2015 to the present, Defendant was a party to multiple CBAs with the Union that obligated it to make benefit contributions to the Funds for all "eligible" employees. Id. at ¶¶ 8-9; ECF No. 107 at ¶ 6; ECF Nos. 107-1 to 107-5. Defendant makes "weekly and/or monthly" payments to the Funds based on employee information self-reported by employers into the Funds' Electronic Self-Service System ("ESS"). ECF No. 110-1 at ¶ 11. Defendant operated three different accounts in ESS: Account Nos. 4064, 4067, and 4063. Id. at ¶ 12. The CBAs set the interest rate on delinquent contributions at 9% per annum and the liquidated damages at 20% of the outstanding principal. Id. at ¶¶ 16-17; see also ECF No. 107 at ¶¶ 14-15; ECF No. 107-7 at Section III.A. Each of the CBAs contain "substantively identical" language stating:

> If the Employer fails to make reports or payments to the Funds, the Trustees may in their sole and absolute discretion take any action necessary . . . to enforce such reports and payments, together with interest and, liquidated damages as provided in the Funds' Trust Agreements, and any and all expenses of collection, including but not limited to counsel fees, arbitration costs and fees and court costs.

ECF No. 110-1 at ¶ 12.

The Funds, through their accountant Schulteis & Panettieri LLP, conducted a compliance audit of Defendant for the period of 2016 and issued the findings to Defendant on September 10, 2020, which included certain outstanding contributions owed by Defendant. ECF No. 94 at ¶¶ 3, 6, 24; ECF No. 111 at ¶¶ 7, 15. Defendant does not dispute that it owes Plaintiffs some amount of contribution for the 2016 period; Defendant only disputes the amount owed for that period. See ECF No. 110-1 at ¶ 20 (Defendant admitting it owes "approximately $90,148.23 in contribution principal"); id. at ¶ 25 ("Admiral presently owes approximately $90,148.23 in

contribution principal in ESS for 2016."); ECF No. 110 at 8 (Defendant acknowledging that it "likely owes approximately $90,148.23 in principal").

Plaintiffs commenced this action on June 25, 2021. ECF No. 1. The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 USC § 636(c) on August 25, 2021. ECF No. 20. Plaintiffs first moved for summary judgment on April 21, 2025. ECF No. 91. On October 8, 2025, Plaintiffs informed the Court of the need to revise their motion in light of Defendant providing "additional rebuttal information concerning the 2016 audit findings that . . . justify the removal of certain findings." ECF No. 103 at 1. On November 7, 2025, Plaintiffs filed a revised motion for summary judgment and supporting documents. ECF Nos. 105-109. On December 8, 2025, Defendant filed its opposition. ECF Nos. 110-111. On December 22, 2025, Plaintiffs filed their reply in further support of their motion. ECF Nos. 112-113. On January 26, 2026, upon leave of the Court (ECF No. 116), Defendant filed a sur-reply (ECF Nos. 119-120). On February 9, 2026, upon leave of the Court (ECF No. 118), Plaintiffs filed a reply to Defendant's sur-reply (ECF Nos. 121-122).

## **DISCUSSION**

Section 515 of ERISA governs actions to collect delinquent contributions and works in tandem with Section 502(g)(2) of ERISA, which provides that "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515 of ERISA] in which a judgment in favor of the plan is awarded, the court shall award the plan" the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). For purposes of Section 502(g)(2), "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." Id.

"ERISA § 502(a)(3) gives trustees authority to recover delinquent contributions from employers in federal court." Kilkenny as Trustee v. Flushing Asphalt, No. 22-CV-1822 (OEM) (JMW), 2024 WL 4333903, at *4 (E.D.N.Y. Sept. 28, 2024). Plaintiffs seek judgment against Defendant pursuant to ERISA § 515, which mandates that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." See 29 U.S.C. § 1145.

Plaintiffs allege that Defendant failed to make contributions required by the CBAs. Specifically, Plaintiffs contend that Defendant owes a principal amount of $1,337.50[1] and interest of $12,403.58 for ESS Account No. 4064, and a principal amount of $143,220.31 and interest of $108,892.26 for ESS Account No. 4067. ECF No. 109 at 7; ECF No. 106 at ¶¶ 18-21. In total, Plaintiffs contend that Defendant owes $144,591.81 in unpaid contributions and $121,295.84 in interest. ECF No. 109 at 7. Although Defendant disputes the amount of unpaid contributions and interest owed (see, e.g., ECF No. 110 at 11-20; ECF No. 120 at 6), Defendant

[1] Plaintiffs alternatively request $1,337.50 and $1,377.50 in principal for ESS Account No. 4064 (compare ECF No. 109 at 7 with ECF No. 106 at ¶ 18), making the total amount requested in principal range from $144,557.81 (ECF No. 109 at 5) to $144,591.81 (id. at 7, 10; ECF No. 106 at ¶ 26).

does not dispute that it owes principal in the amount of $90,148.23 for Account No. 4067. ECF No. 110-1 at ¶ 20 (Defendant admitting it owes "approximately $90,148.23 in contribution principal"); id. at ¶ 25 ("[Defendant] presently owes approximately $90,148.23 in contribution principal in ESS for 2016."); ECF No. 110 at 8 (Defendant acknowledging that it "likely owes approximately $90,148.23 in principal"). Simply stated, there is no dispute that Defendant is liable for some amount in unpaid contributions to the Funds and for accrued interest on those unpaid contributions. The only dispute concerns the full sum of the amount owed.

As Plaintiffs point out (ECF No. 121 at 9-10), where there is no dispute as to liability and the dispute concerns only the amount of damages, damages may be resolved through an inquest. See, e.g., Concord Camera Corp. v. Fuji Photo Film Co., No. 97-CV-9534 (DC), 2000 WL 1013958, at *7 (S.D.N.Y. July 24, 2000) ("Summary judgment may be rendered on the issue of liability alone, even if there exists a genuine issue of fact as to the amount of damages.") (citing Fed. R. Civ. P. 56(c)); New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., No. 06-CV-6377 (WHP), 2009 WL 362640, at *5 (S.D.N.Y. Feb. 13, 2009) (referring issue of damages for inquest in ERISA case for unpaid contributions where defendant conceded that monies were owed to the funds); Demopoulos v. Mystic Tank Lines Corp., No. 07-CV-9451 (DC), 2008 WL 4596274, at *5 (S.D.N.Y. Oct. 16, 2008) (finding defendant had conceded liability in ERISA case and directing parties to submit a joint proposed judgment for the total award or an affidavit of costs if they were unable to agree); Crawford v. Coram Fire Dist., No. 12-CV-3850 (DRH), 2015 WL 10044273, at *4 (E.D.N.Y. May 4, 2015) (noting "that the exact amount due is in dispute does not preclude summary judgment as to liability" because factual issues as to the amount of damages "can be resolved at a damages trial"). Thus, because Defendant does not dispute that it owes monies in unpaid contributions under the CBAs for the

2016 period, liability has been established. See LaBarbera v. DJ Excel, Inc., No. 06-CV-577 (BMC) (SMG), 2007 WL 2127170, at *2 (E.D.N.Y. July 25, 2007) ("Defendant's failure to make contributions as required by the CBA thus constitutes a violation of ERISA and defendant's liability to the Funds has been established."); Finkel v. Rico Elec., Inc., No. 07-CV-2145 (ARR) (SMG), 2009 WL 3367057, at *2 (E.D.N.Y. Oct. 16, 2009) ("Defendant's failure to make contributions as required constitutes a violation of ERISA, and defendant's liability has thus been established.").

## CONCLUSION

Accordingly, Plaintiffs' motion for summary judgment is **GRANTED** only as it concerns the issue of Defendant's liability for unpaid contributions to the Funds. ECF No. 109 at 9-11. To determine the amount of damages owed by Defendant, including the contribution amount, principal, interest, attorney's fees, and costs, the Court will direct an inquest. On or before **October 16, 2026**, Plaintiffs are directed to file 1) proposed findings of fact and conclusions of law, 2) an inquest memorandum of law, and 3) supporting affidavits and exhibits, which set forth proof of damages through competent evidence. By **October 25, 2026**, Defendant is directed to file an opposing memorandum, affidavits, and exhibits, as well as any alternative findings of fact and conclusions of law.

The Clerk of Court is respectfully directed to close the motion at ECF No. 105.

**SO ORDERED.**

DATED: New York, New York
September 16, 2026

VALERIE FIGUEREDO
United States Magistrate Judge